UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHANTE D. WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-3642 (UNA) |
| | ) | |
| WILLIAM C. SMITH d/b/a | ) | |
| TA ARCHER PARK APTS, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint. The Court will grant the application and, for the reasons stated below, will dismiss the complaint without prejudice.

Plaintiff brings this action against her former landlord, which effected plaintiff's eviction for non-payment of rent. *See* Compl. at 1. Among the documents she submits is a notice of a related case (ECF No. 5) in the Superior Court of the District of Columbia which culminated with execution of a Writ of Restitution. *See William C. Smith & Co., Inc. TA Archer Park v. Wade*, No. 2022-LTB-005817 (D.C. Super. Ct. Nov. 16, 2023).[1]

According to plaintiff, the "lease application and . . . lease contract [were] traded on the secondary market without [her] consent or knowledge," at which point "the lease for the apartment was paid in full according to a Bloomberg financial audit." Compl. at 1. And she allegedly sent "the endorsed lease agreement and several other instruments to the defendant" and received no response. *Id*. Thus, plaintiff alleges, defendant received payment "as soon as the

---

[1] The Court takes judicial notice of publicly available Superior Court filings. *See Capitol Servs. Mgmt., Inc. v. Vesta Corp.*, 933 F.3d 784, 789 (D.C. Cir. 2019).

defendant traded the instrument on the secondary market," *id*., and, in fact, "was paid 3 times," *id*. Plaintiff demands either return of the negotiable instrument(s) or an award of $5 million. On the premise that she is owed money, plaintiff submits a Motion to Deposit Funds with the Court and Order to Invest in an Interest Bearing Account (ECF No. 3).

The Court must dismiss this complaint for at least two reasons. First, there are no factual allegations to support a viable claim against defendant for "false statements, embezzlement, securities fraud and breach of trust." Compl. at 1 (emphasis removed). Second, insofar as plaintiff challenges the outcome of the Superior Court proceedings, this federal district court "lack[s] jurisdiction to review judicial decisions by . . . District of Columbia courts." *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citations omitted); *see Dorsey v. Superior Court for the District of Columbia*, 709 F. App'x 22 (D.C. Cir. 2017) (per curiam).

An Order is issued separately.

DATE: January 8, 2024                                CHRISTOPHER R. COOPER
                                                     United States District Judge